FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 01, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

LINDA LEONA CARVER,

Defendant.

No.   4:19-cr-06044-SMJ

**ORDER DENYING MOTION FOR EARLY RELEASE**

Before the Court, without oral argument, is Defendant's Motion to Reduce Sentence and for Release to Home Confinement, ECF No. 69. On March 5, 2020, the Court sentenced Defendant to three months' incarceration after she pled guilty to theft of government funds. ECF No. 67 at 1–2. In view of the ongoing global pandemic caused by the spread of Coronavirus Disease 2019 (COVID-19) and the increased risked posed by the virus to those incarcerated in prison or jail facilities, Defendant requests early release to serve the balance of her sentence in home confinement. ECF No. 69 at 1–11. The Government takes no position on Defendant's motion. ECF No. 72 at 1.

The Court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow. *See* 18 U.S.C. § 3582(c) ("The

ORDER DENYING MOTION FOR EARLY RELEASE – 1

court may not modify a term of imprisonment once it has been imposed except that . . . ."). The only apparently relevant mechanism by which the Court could authorize Defendant's early release to home confinement permits a sentence reduction if the Court finds "extraordinary and compelling reasons warrant" such relief. *Id.* § 3582(c)(1)(A)(i). But that provision is only available "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A). The administrative exhaustion requirement admits of no exception. Defendant fails to indicate whether she has sought relief from the Bureau of Prisons, much less shown she has satisfied the statute's exhaustion requirement.[1] *See generally* ECF No. 69. Nor does Defendant identify an alternative basis on which the Court could grant early release.

The Court's hands are bound by the statute. Though the Court declines at this juncture to evaluate the merits of early release in Defendant's case in particular, it is indisputable that the COVID-19 outbreak is unprecedented and poses a

---

[1] In fact, Defendant fails to identify § 3582(c)(1)(A)'s statutory limitation on the Court's authority, rendering her argument that the provision "permits district courts to modify an offender's sentence if it finds that extraordinary and compelling reasons warrant such a reduction" incomplete at best. ECF No. 69 at 6.

ORDER DENYING MOTION FOR EARLY RELEASE – 2

heightened risk to those in this nation's prisons and jails. Yet absent congressional action to relieve inmates of the exhaustion requirement, the Court is unable to provide the relief Defendant seeks. She is encouraged to seek it from the Bureau of Prisons and is invited to renew her motion once eligible under the terms of the statute. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Accordingly, **IT IS HEREBY ORDERED**:

Defendant's Motion to Reduce Sentence and for Release to Home Confinement, **ECF No. 69**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 1st day of April 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge