FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Apr 08, 2020**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>LINDA LEONA CARVER,<br><br>                    Defendant. | No.   4:19-cr-06044-SMJ<br><br>**ORDER DENYING RENEWED MOTION FOR EARLY RELEASE** |

Before the Court, without oral argument, is Defendant's Renewed Motion to Reduce Sentence and for Release to Home Confinement, ECF No. 74. On March 5, 2020, the Court sentenced Defendant to three months' incarceration after she pled guilty to theft of government funds. ECF No. 67 at 1–2. In view of the ongoing global pandemic caused by the spread of Coronavirus Disease 2019 (COVID-19), Defendant sought early release to serve the balance of her sentence in home confinement. ECF No. 69 at 1–11. The Government took no position on Defendant's motion.[1] ECF No. 72 at 1. The Court denied Defendant's motion,

---

[1] The Government has not filed a response to Defendant's renewed motion, and it is not clear whether it intends to, given that it took no position on Defendant's original motion. However, given that the Court finds Defendant has failed to establish extraordinary circumstances warranting early release, the Court finds it appropriate to deny the motion without waiting for the Government's response.

ORDER DENYING RENEWED MOTION FOR EARLY RELEASE – 1

finding she had failed to exhaust administrative remedies through the Bureau of Prisons. ECF No. 73 at 1–3.

Defendant then renewed her motion, indicating that defense counsel had intentionally omitted discussion of administrative exhaustion in Defendant's initial motion. ECF No. 74 at 2–3. Defendant argues that because she is incarcerated in the Yakima County Jail—which is not a Bureau of Prisons facility but rather contracts with the U.S. Marshals Service to temporarily hold federal detainees—she is unable to request early release from the Bureau of Prisons, and there is no "warden" of her facility from whom she could request early release. *Id*. at 3–7.

**LEGAL STANDARD**

The Court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that . . . ."). The only apparently relevant mechanism by which the Court could authorize Defendant's early release to home confinement is under 18 U.S.C. § 3582(c), which permits a sentence reduction if the Court finds "extraordinary and compelling reasons warrant" such relief. *Id.* § 3582(c)(1)(A)(i). But that provision is only available "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

ORDER DENYING RENEWED MOTION FOR EARLY RELEASE – 2

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A). On the face of the statute, the administrative exhaustion requirement admits of no exception.

However, under certain circumstances statutory exhaustion requirements may be waived. *See McCarthy v. Madigan*, 503 U.S. 140, 146–47 (1992). The "futility exception" relieves a party seeking relief from being required to first "pursue an administrative review that is demonstrably doomed to fail." *Diaz v. United Agr. Emp. Welfare Benefit Plan & Tr.*, 50 F.3d 1478, 1485 (9th Cir. 1995) (citing *Amaro v. Cont'l Can Co.*, 724 F.2d 747, 750–53 (9th Cir. 1984)); *see also Nevada v. Hicks*, 533 U.S. 353, 369 (2001). Another Court in this district, in ruling on a similar motion brought by a Defendant in local custody, held that the absence of administrative recourse through the Bureau of Prisons relieved her of § 3582(c)(1)(A)'s exhaustion requirement. *United States v. Gonzalez*, Case No. 2:18-cr-00232-TOR-15, ECF No. 15 at 3. Defendant cites other cases in which district courts have reached similar conclusions. ECF No. 74 at 12 (collecting cases).

## DISCUSSION

**A.  Defendant is excused from the administrative exhaustion requirement**

Defendant argues that because she is currently incarcerated at a non-Bureau

ORDER DENYING RENEWED MOTION FOR EARLY RELEASE – 3

of Prisons facility—and, given the relative brevity of her sentence and current restrictions on the movement of federal inmates, will likely remain there for the balance of her sentence—there are no avenues by which she could request early release from the Bureau of Prisons, and she is therefore excused from administrative exhaustion under the futility exception. ECF No. 74 at 8–13. Defendant specifically sought guidance from the Bureau of Prisons concerning where to direct her request for compassionate release but was informed she is in the custody of the United States Marshals Service and should direct her request to that agency instead. ECF No. 75 at 2. Defendant also consulted the Marshals Service, which indicated the likelihood of her transfer to a Bureau of Prisons facility is low. *Id.* at 3.

Accordingly, the Court finds Defendant is excused from the requirement of administrative exhaustion under the futility exception. The exhaustion requirement of § 3582(c)(1)(A) requires the inmate seeking compassionate release first seek that relief from the Bureau of Prisons, but Defendant is not in Bureau of Prisons custody, and there is no "warden of [her] facility" to whom she could direct her request. As the Supreme Court has observed, the requirement of administrative exhaustion is "intensely practical," *Mathews v. Eldridge*, 424 U.S. 319, 331 n.11 (1976), and "is generally required as a matter of preventing premature interference with agency processes." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). In this case, requiring additional attempts at administrative exhaustion would not serve those purposes,

because the record makes clear there are no "agency processes" with which a ruling from the Court could interfere. In short, Defendant need not continue to pursue "administrative review that is demonstrably doomed to fail," and is excused from the exhaustion requirement of § 3582(c)(1)(A). *Diaz*, 50 F.3d at 1485.

**B.   Defendant has not demonstrated early release is appropriate**

Turning to the merits of Defendant's request, the Court finds she has failed to establish "extraordinary and compelling reasons" warranting amendment of her sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i). As an initial matter, there is division among the district courts concerning the standard applicable to motions for compassionate release. *See United States v. Mondaca*, No. 89-CR-0655 DMS, 2020 WL 1029024, at *2–3 (S.D. Cal. Mar. 3, 2020). Prior to substantial amendments to § 3582(c) in the First Step Act of 2018, only the Bureau of Prisons was permitted to bring a motion for compassionate release on an inmate's behalf. *See id.* Under that earlier regime, the U.S. Sentencing Commission identified three circumstances in which compassionate release was justified, none of which are relevant here, yet also recognized early release may be appropriate for "an extraordinary and compelling reason other than, or in combination with" the enumerated reasons. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). Crucially, however, justifications under that final catchall category were limited to those considered sufficiently extraordinary "by the Director of the Bureau of Prisons," and the guideline has not been amended

ORDER DENYING RENEWED MOTION FOR EARLY RELEASE – 5

since passage of the First Step Act of 2018. *Id.* § 1B1.13 cmt. n.1(D).

It is therefore unclear whether the district court is constrained to granting compassionate release only where the Bureau of Prisons has identified a reason as sufficiently extraordinary and compelling, or whether the district courts are now entitled to make that determination independently. *Compare United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019) (collecting cases) ("[T]he most natural reading of the amended § 3582(c) . . . is that the district court assumes the same discretion as the B[ureau of Prisons] Director when it considers a compassionate release motion properly before it.") *with United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *3 (S.D. Ala. Aug. 13, 2019) (holding only Bureau of Prisons permitted to identify extraordinary and compelling reason).

Ultimately, the Court finds it unnecessary to reach this issue, because regardless of whether the Court can grant relief by itself determining what constitutes an extraordinary and compelling reason for early release, Defendant has not met that threshold. While the Court is cognizant of the risk COVID-19 poses to those currently incarcerated, it cannot conclude that risk is sufficiently grave in this case to justify waiving nearly two-thirds of Defendant's sentence of incarceration. The Centers for Disease Control and Prevention has identified those over age sixty-five and those with serious underlying medical conditions as the groups at greatest risk. *See* Ctrs. for Disease Control and Prevention*, High-Risk Conditions* (last

updated April 6, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/underlying-conditions.html.

Defendant is well outside the at-risk age category, and she does not suffer from the type of serious underlying health condition that would make her significantly more vulnerable.[2] *See* ECF No. 61 at 2, 16–17. And fortunately, there are no confirmed cases of the virus at the Yakima County Jail, which Defendant reports has instituted screening procedures to safeguard inmates and staff. ECF No. 69 at 5. In short, though COVID-19 undoubtedly poses a risk to those in the nation's prisons and jails, Defendant has not shown that risk is greater to her than to any other inmate serving a term of incarceration—in fact, the risk to Defendant is likely lesser than to those incarcerated in large, concentrated metropolitan areas. Thus, at this time the Court cannot find Defendant has established an extraordinary and compelling reason warranting early release. The motion is denied.

//

//

//

---

[2] Defendant represents that as a lifelong smoker her lungs are "likely . . . in a debilitated or weakened condition," but points to no medical evidence indicating this is true in her case. ECF No. 69 at 10. In any event, Defendant does not contend she suffers from any diagnosed pulmonary or respiratory condition that would place her in the high-risk category as determined by the Centers for Disease Control and Prevention.

ORDER DENYING RENEWED MOTION FOR EARLY RELEASE – 7

Accordingly, **IT IS HEREBY ORDERED**:

Defendant's Renewed Motion to Reduce Sentence and for Release to Home Confinement, **ECF No. 74**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 8th day of April 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING RENEWED MOTION FOR EARLY RELEASE – 8